UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CV-151-R

LEE T. SPARKS,                                                                                          PLAINTIFF

v.

WAL-MART STORES, INC.                                                                       DEFENDANT

## OPINION & ORDER

This matter comes before the Court on the Plaintiff Lee T. Sparks' ("Sparks") Motion to Remand (Docket #6). The Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") has responded to that motion (Docket #8) and the Plaintiff has replied to that response (Docket #9). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's Motion to Remand is **GRANTED**.

## PROCEDURAL HISTORY

This matter was initially filed in the Circuit Court of Simpson County, Kentucky, on August 30, 2006. The complaint alleged that the Defendant had violated KRS Chapter 337; had committed fraud; breached its contract with the Plaintiff; breached the implied covenant and good faith and fair dealing with the Plaintiff; and discriminated and retaliated against the Plaintiff in violation of the Kentucky Civil Rights Act. Wal-Mart timely removed the action to this Court on September 25, 2006, based on diversity jurisdiction pursuant to 28 U.S.C. §1332. On December 7, 2006, Sparks filed this Motion to Remand with the Court, arguing that his claims, exclusive of interests, costs and/or attorney's fees, do not exceed $75,000.00. The Defendant contests this motion, contending that the complaint on its face satisfies the federal subject matter jurisdictional requirements because diversity was determined at the time of the complaint and that the Plaintiff's post-removal motion cannot defeat jurisdiction.

**STANDARD**

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Federal jurisdiction in a diversity case is determined at the time of removal. *Rogers*, 230 F.3d at 871. "[A] post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Id.* at 872 (emphasis added).

**DISCUSSION**

The Defendant contends that a "fair reading" of the complaint demonstrates that the damages sought by the Plaintiff satisfies the $75,000 minimum mandated by 28 U.S.C. § 1332(a). The complaint states that Sparks seeks recovery of $27,920.85 for lost wages allegedly owed to him by Wal-Mart in violation of KRS Chapter 337. If Sparks were to recover that amount, Wal-Mart argues that he would also receive liquidated damages in amount equal to the recovery, indicating that Sparks could potentially receive damages in the amount of $55,841.70. Wal-Mart argues that the potential recovery for Sparks under KRS Chapter 337, as well as his additional potential recovery under remaining state law claims would meet the $75,000 minimum mandated by 28 U.S.C. § 1332(a). Further, Wal-Mart asserts that Sixth Circuit's holding in *Rogers* precludes Sparks from stipulating at this juncture of the litigation that the

amount in controversy is less than $75,000.00. *Rogers* at 872.[1]

In *Egan v. Premier Scales & System*, the United States District Court for the Western District of Kentucky, in an opinion by Chief Judge John Heyburn, the Court addressed a similar issue. *Egan v. Premier Scales & Systems*, 237 F.Supp.2d 774, 776-77 (W.D. Ky. 2002). In *Egan*, the Court reviewed whether a plaintiff, through a motion to remand, could stipulate a claim less than the federal jurisdictional amount after the case had been removed to federal court. *Egan* at 776. In recognizing that *Rogers* precluded the plaintiff from reducing or changing his/her demand by stipulation for the purpose of avoiding federal jurisdiction, the Court distinguished *Rogers* by holding that the plaintiff could *clarify* the amount in controversy if the plaintiff provides specific information about the amount in controversy for the first time. *Id.* at 777-78. The Court also noted that generally, ambiguities on removal are strictly construed against federal jurisdiction when doubt exists as to jurisdiction. *Id.* at 778; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Similarly, in the United States District Court for the Eastern District of Kentucky case of *Fenger v. Idexx Laboratories, Inc.*, the Court emphasized that the defendant removing a case has the burden of establishing diversity and that federal courts should strictly construe any removal ambiguities against federal jurisdiction. *Fenger v. Idexx Laboratories, Inc.*, 194 F. Supp.2d 601, 602 (E.D. Ky. 2002); *see also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). As in the instant case, the plaintiff in *Fenger*

---

[1] In *Rogers*, the plaintiff initially sued Wal-Mart for $950,000 in damages in Tennessee state court. *Rogers* at 870. After Wal-Mart removed to federal court, the parties agreed upon a dismissal, and the plaintiff then filed a new complaint in state court arising out of the same occurrence, but seeking less than $75,000. *Id.* After the defendant removed the case, the district court denied the motion to remand, and the Sixth Circuit affirmed that decision holding that the plaintiff was attempting to "unfairly manipulate" jurisdiction. *Id.* at 872.

moved to remand his case, which only involved state law claims, back to state court after the defendant had successfully removed the case to federal court. *Fenger* at 602. The Court reasoned that "[a]s a result of the Kentucky rule prohibiting the plaintiff from specifically setting forth the alleged damages in the complaint," the defendant had removed the case based on speculation, and therefore, the plaintiff could stipulate the amount in controversy in order to determine whether the parties had diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 603-604; *see* Kentucky Rule of Civil Procedure 8.01(2). The Court looked at an affidavit submitted by the plaintiff that indicated he sought only $54,000 in damages, and in determining that the case should be remanded to state court held that post removal stipulations do not offend removal rules if the stipulations help to clarify the amount in controversy for jurisdictional purposes. *Id.* at 604; *Rogers* at 872.

In the instant matter, similar to *Fenger*, Sparks is not attempting to change or reduce the amount in controversy set forth in the initial complaint filed in Simpson Circuit Court. Wal-Mart removed the case to this Court based on a speculation that the amount in controversy would exceed $75,000 in order to satisfy the requirements of 28 U.S.C. § 1332. In looking at the Plaintiff's complaint, it states that he seeks $27,905.85 for underpayment of wages. In its removal, the Defendant speculated that the amount would exceed $75,000. However, since the removal, the Plaintiff has clarified through his stipulation that he does not seek more than $75,000. The Court may consider the affidavit of Sparks in reaching its determination. *Fenger* at 603-04. In abiding by Supreme Court and Sixth Circuit precedent that requires courts to resolve ambiguities concerning federal jurisdiction in favor of the state courts, the Court finds that the Defendant has not met its burden of establishing diversity jurisdiction in this matter.

Accordingly, the amount in controversy in this case does not exceed $75,000.00.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiff's Motion to Remand is **GRANTED**.  The case shall be **REMANDED** to the Simpson Circuit Court, in Simpson County, Kentucky, for all further proceedings in accordance with this opinion and order.